RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 6/13/11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JODY RAY SOULDER (#436255) | DOCKET NO. 11-cv-0024; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES LEBLANC, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### Report and Recommendation to Dismiss Two Defendants

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed by Plaintiff Jody Ray Soulder (#436255), pro se and in forma pauperis. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC) and is presently housed at Avoyelles Correctional Center (AVC) in Cottonport, Louisiana. Plaintiff named as defendants James LeBlanc (DOC Secretary), Warden Lynn Cooper, Deputy Warden Gary Gremillion, Sgt. Bobby Stevens, and Dr. David Vajnar. He seeks compensatory and punitive damages for the denial of adequate medical care. Petitioner amended and supplemented his complaint, pursuant to court order, to provide additional allegations against the supervisory officials.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### Factual Background

Plaintiff alleged that in or around May 2008, he fell from the top of some bleachers causing injury to his right bicep muscle and right shoulder, a broken right leg, and the aggravation of preexisting cervical and lumbar spine injuries. He was transported

to the infirmary in a wheelchair and then taken to the emergency room at Huey P. Long hospital. X-rays confirmed a broken leg, and Plaintiff received a leg cast and crutches. Plaintiff alleges that he was unable to use the crutches because of right arm and shoulder pain. [Doc. #1, p.4]

On Friday February 27, 2009, Plaintiff re-injured his bicep muscle when closing the tier door. The bicep muscle was torn. He went to the next sick call and was placed on medical call out for Tuesday March 3, 2009. Dr. Vajnar examined Plaintiff's arm on March 3, and referred him to the emergency room in Shreveport. On Wednesday March 4, Plaintiff was taken to LSU hospital, where the emergency room doctor recommended surgery to be scheduled for the next morning. Defendant Stevens asked the ER doctor whether he could do the surgery some other time because it was late and he wanted to get home. The ER doctor sent Plaintiff to get an MRI of his bicep and right shoulder. In the middle of the test, the machine was turned off and Plaintiff was told to dress. The doctor told Plaintiff that he would not be doing the surgery the next morning after all. Plaintiff claims that he was discharged due to Stevens request.

On October 5, 2009, Dr. Vajnar told Plaintiff he would try to get a doctor in New Orleans to perform the bicep surgery. [Doc. #1, p.18] On December 3, 2009, Dr. Vajnar told Plaintiff that it was too late for surgical repair, as the surgery needed to be done

2

within thirty days of the injury.

On January 11, 2010, Plaintiff was transported to Huey P. Long hospital to finally have an MRI of his bicep muscle and shoulder performed. On February 18, 2010, Dr. Vajnar discussed the results of the MRI with Plaintiff and told Plaintiff that the muscle was severed and torn and the damage was beyond repair at that point. Thus, <u>the final denial of medical care complained of was February 18, 2010</u>. Suit was filed on January 7, 2011.[1]

### Law and Analysis

Plaintiff has named as defendants three supervisors: Warden Cooper, Deputy Warden Gremillion, and Secretary James LeBlanc. It is well-settled that, "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations or (ii) they implement unconstitutional policies that causally result in Plaintiff's injuries." <u>Mouille v. City of Live Oak, Tex.</u>, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied,* 508 U.S. 951 (1993). "Vicarious liability does not apply to §1983 claims." <u>Pierce v. Texas Dept. of Crim. Justice, Inst. Div.</u>, 37 F.3d 1146, 1150 (5th Cir. 1994), *cert. denied,* 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." <u>Thompson v. Steele</u>, 709 F.2d 381,

---

[1]Plaintiff alleges that he filed an administrative grievance on February 1, 2010, which was denied on February 5, 2010. Plaintiff claims that the legal assistant at AVC told him to file suit instead of appealing the denial.

382 (5th Cir. 1983), *cert. denied,* 464 U.S. 897 (1983). In his amended complaint, Plaintiff alleges personal involvement on the part of Defendant Gremillion; specifically, he states that he personally requested assistance from Deputy Warden Gary Gremillion in obtaining adequate and necessary medical attention, and his requests were ignored. However, Plaintiff has failed to allege personal involvement or the implementation of unconstitutional policies by LeBlanc and Cooper.

*Conclusion*

Accordingly, **IT IS RECOMMENDED** that Plaintiff's claims as to **ONLY DEFENDANTS LEBLANC AND COOPER** be **DISMISSED** from this suit. The other defendants will be served accordingly.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

4

the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 13th day of June, 2011.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE